# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RYAN SCOTT DEVILLE,

        Petitioner,        Case Number: 2:13-CV-13258

v.        HONORABLE PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

STEVEN RIVARD,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Ryan Scott DeVille (Petitioner) is a state inmate currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. He challenges his convictions for second-degree murder and felony firearm. The Court finds that the petition contains unexhausted claims and dismisses the petition without prejudice. The Court also denies a certificate of appealability.

I.

Petitioner pleaded guilty in Genesee County Circuit Court to second-degree murder and felony-firearm. He was sentenced to 23 years to 41 years, 8 months' in prison for the second-degree murder conviction, to be served consecutively to two years' in prison for the felony-firearm conviction. Petitioner did not appeal this conviction. *See* Petition at 2.

II.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The claims presented in the habeas petition are unexhausted and therefore do not present grounds upon which this Court may grant habeas relief at this time. Accordingly, the petition will be dismissed without prejudice.

III.

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). Abstention from intrusion into state court proceedings is justified by the doctrine of comity which reduces friction between state and federal court systems by providing state courts the opportunity to correct a constitutional violation in the first instance. *O'Sullivan,* 526 U.S. at 842. The requirement that a habeas petitioner exhaust state court remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference

in state adjudicatory processes." *Id.* State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Petitioner admits that he did not appeal his convictions to the Michigan Court of Appeals or Michigan Supreme Court. A process remains through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Michigan Court Rule 6.500. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court, as necessary. Petitioner should present his claims to the state courts in the first instance. Therefore, the petition will be dismissed without prejudice.

## IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore,

the Court denies a certificate of appealability.

## V.

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE and a certificate of appealability is DENIED.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 19, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 19, 2013.

s/Deborah Tofil
Case Manager